## BERNARD SHERIDAN, APPELLANT, *v.* STEPHEN C. JACKSON AND OTHERS, RESPONDENTS.

*Receiver — right of a person not a party to the action in which a receiver was appointed, to maintain action against him for money collected.*

APPEAL by the plaintiff from a judgment dismissing his complaint, and also from an order granting extra allowances and costs to four of the defendants in the action.

The plaintiff alleged in his complaint that on the 19th day of November, 1856, he was entitled to the possession of certain lands and premises which are particularly described, and to the rents, issues and profits thereof, and that he has ever since been so entitled and still is. That, in January, 1870, an action was commenced in the Supreme Court, in which all the defendants (but not the plaintiff) in this action were parties, except the receiver Cameron, some as plaintiffs and the others as defendants, in which the rights and interests to and in the said lands and premises, and the rents and profits thereof as between those parties were litigated. That the defendant Cameron was appointed by the court a receiver of the

rents, issues and profits of the premises in that action, and that as such receiver he had received certain rents and profits amounting to a large sum. That the plaintiff had demanded the money so received from the receiver, which he had refused to pay.

The complaint then asked that the receiver account to the plaintiff for all the moneys received by him in that action as such receiver, and that he be restrained from paying the same to any other person during the pendency of this action. No demand was made for the recovery of the premises or any part of them.

The case came on for trial at Special Term, and the plaintiff's counsel admitted that no permission had been given by the court to commence this action; that the plaintiff had been out of possession of the premises for several years last past, and that during that time the defendants had been in possession of the same, until the appointment of the receiver in that action. That the plaintiff was not a party to the action in which the receiver was appointed. The court thereupon dismissed the plaintiff's complaint, and judgment was entered against him, on the ground that the facts which it alleged did not constitute a cause of action in favor of the plaintiff, and because, taken in connection with the facts which were admitted on the part of the plaintiff, it appeared that he had no cause of action.

The General Term said: "The receiver holds the fund now in his hands, subject to the order of the court, and that order can only be made with reference to the rights and interests of the parties to the first action, after those rights are determined therein; at all events the plaintiff shows no right to have the fund divested from that direction. To say simply that he is entitled to this fund, in view of all the facts disclosed, is not sufficient. It appears that the defendants claim the rents, and that the receiver holds them subject to the determination of their claims, and yet the plaintiff wants a judgment against the receiver alone that shall give him the fund. He does not want his right to it as between him and the defendants determined. He does not want any relief as against the other defendants at all. He does not even ask any adjudication in respect to his right to the rents, but assumes that he is entitled to them, and that the receiver was bound to pay them over to him on demand precisely as if they were moneys had and received for the plaintiff. We think the court below was right in dismissing the plaintiff's

complaint, and that the judgment appealed from must be affirmed, with costs.

An additional allowance of $350 was granted to four of the defendants, and the plaintiff has appealed from that order. Whether the defendants should have costs or allowances, was entirely in the discretion of the court. It is quite true that such discretion can be controlled by the court in banc, if it was unreasonably or improperly exercised; but we do not think it was. The plaintiff had brought these parties into court on a very weak pretense of right, and then stated a case which showed he ought not to recover. Under these circumstances, we think it was very proper for the court, as far as possible, to indemnify these parties by costs and reasonable allowances.

The judgment and order appealed from must be affirmed, with costs."

*Culver & Stroudy*, for the appellant. *Edward M. Shepard*, for the respondent Jackson. *John Andrews*, for respondents G. A. Andrews and others.

Opinion by DYKMAN, J.

BARNARD, P. J., concurred. GILBERT, J., not sitting.

Judgment and order affirmed, with costs.